---

(No. 14246.—Reversed and remanded.)
JOSEPH WOITYNEK, Exr. Appellee, *vs.* JOSEPH FRANKEN *et al.*—(WALTER LANGLOIS, Appellant.)

*Opinion filed December 22, 1921.*

1. TAX DEEDS—*a tax deed conveys title in fee simple.* A tax deed is effective at the time it is executed, and if the proceedings have been regular it conveys the title in fee simple and the grantee may maintain ejectment for the possession of the premises.

2. SAME—*effect of failure of holder of tax title to acquire possession.* The fact that the holder of a tax title does not acquire possession within a year and does not institute proceedings for that purpose does not avoid his deed nor deprive him of the title or the right to maintain an action for the possession, but the effect of such delay is that the owner of the property may compel a re-conveyance by paying the amount lawfully due the holder of the tax title.

3. EXECUTORS AND ADMINISTRATORS—*when executor cannot sell land free from claim of holder of tax title.* An executor cannot sell land free from the claim of a holder of a valid tax title who has neglected to institute proceedings for possession of the premises within a year after acquiring his title, but such delay merely gives the executor or owner the right to make a tender of the amount lawfully due the holder of the tax deed and to demand a re-conveyance.

4. SAME—*title of holder of tax deed cannot be sold without his consent.* Under the statute the title of the holder of a tax deed cannot be sold without his consent, nor can he be required to re-convey the property or submit to a sale of his title until he has received the money lawfully due him.

APPEAL from the Probate Court of LaSalle county; the Hon. RICHARD D. MILLS, Judge, presiding.

ELMER E. ROBERTS, (WILLIAM GIBSON, and C. VAN-ALEN SMITH, of counsel,) for appellant.

J. E. MALONE, JR., for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

Julia Koscholik Franken died in 1913, leaving a husband surviving her and two brothers, with several nephews and nieces, as her heirs. She left a will, and her executor filed a petition to the November term, 1920, of the probate court of LaSalle county to sell lot 2 in block 71 in the city of LaSalle, except coal and mining rights, for the payment of the debts, legacies and costs of administration. The lot had been the homestead of the testatrix and her husband. The latter renounced the will. He continued in possession of the homestead, but having acquired a new homestead in 1918 his homestead rights in the premises in controversy ceased. He collected all the rents from the property but failed to pay the taxes and special assessments, and in 1914 the lot was sold for taxes. On October 16, 1916, the county clerk executed a tax deed conveying the lot to Walter Langlois, who has never been in possession or instituted any proceedings to take possession of the premises. Besides the husband and heirs, Langlois, the holder of the tax deed, was made defendant to the petition. The petition stated that the petitioner was ready and willing to redeem from the tax deed, and prayed to be permitted to do so if the defendant Joseph Franken, who was the surviving husband, should not be ordered by the court to redeem, and further prayed if the petitioner should be permitted to and should redeem from the tax deed, and if a decree for the sale of the premises should be entered, that the petitioner should be

authorized to withhold from the portion of the purchase
price to which Franken might be entitled, the amount ex-
pended by the petitioner in the redemption. The facts were
all stipulated upon the hearing, and the court found that
there was a deficiency of personal property to pay the debts
and legacies in the amount of $1671.50, and ordered the
real estate in question sold for the payment of this defi-
ciency. It was further ordered that the premises be sold
free and clear of the lien of the Langlois tax deed, and
upon the confirmation of the report of the sale, or prior
thereto, the executor should redeem from all tax sales for
all unpaid special assessments, and that the amount neces-
sary to be expended for that purpose should be retained
from that part of the proceeds which otherwise would go
to and be distributed to Franken. Langlois appealed from
this order.

There was no allegation of any defect in Langlois' deed
or the proceedings on which it was based. So far as the
record shows it conveyed a perfect title to him. By an act
in regard to tax titles passed in 1909, as amended in 1915,
(Laws of 1915, p. 577,) it is provided that whenever the
grantee of a tax deed to real estate, or anyone claiming
thereunder, shall not be in possession or occupation of the
premises so claimed and shall not institute proceedings in
good faith to take possession within one year after the date
of the first tax deed under his alleged tax title, it shall be
lawful for the owner of said real estate, or his agent or
attorney, to pay or tender the tax title holder the amount
of moneys paid out and expended by the tax title holder
upon the sale, with seven per cent interest per annum there-
on, together with subsequent taxes and special assessments
paid and the statutory fees and costs incurred, and that
upon such payment or tender the tax title holder shall re-
convey the premises to the owner thereof. The appellee
contends that under this statute a tax deed does not convey
title if the grantee is not in possession or has not sued

within a year to recover possession but merely stands as security for the amount advanced, with the penalty, interest and costs allowed by law. This is extending the statute much beyond its terms. A tax deed is effective at the time it is executed. If the proceedings have been regular it conveys the title in fee simple and the grantee may maintain ejectment for the possession of the premises. The fact that he does not acquire the possession within a year and does not institute proceedings for that purpose does not avoid his deed or deprive him of the title or the right to maintain an action for the possession, but the effect of such delay is that the owner of the real estate may compel reconveyance of the premises by paying the amount which the holder of the tax title has paid, with interest thereon, together with the subsequent tax and special assessments paid and statutory fees and costs. The executor in this case did not seek to avail himself of the privilege conferred by the statute. He made no tender. His petition was simply that the premises should be sold and that the sale should be free from the claim of the holder of the tax title. The effect of this was to destroy the appellant's title and all his interest in the land and transfer his claim to the proceeds of the sale, which might or might not be equal to the amount which he was entitled to have re-paid to him under the statute, before he could be required to re-convey. Under the statute the title of the holder of a tax deed cannot be sold without his consent, he cannot be required to re-convey until he has received the amount of money to which he is entitled, and he is not obliged to submit to a sale of his title before having actually received the money.

The order of sale was erroneous, and it will be reversed and the cause will be remanded.

*Reversed and remanded.*