I. Peterson and Paul Peterson, Trading as I. Peterson and Son, v. Angela Minnec et al.
Herman C. Sievers, Appellee, v. John Minnec and Josephine Minnec, Appellants.

Gen. No. 40,754.

Heard in the first division of this court for the first district at the June term, 1939.
Opinion filed January 22, 1940.

ARTHUR H. JONES, of Chicago, for appellants.

MARKMAN, DONOVAN & SULLIVAN, of Chicago, for appellee; JOHN A. O'NEIL, of Chicago, of counsel.

MR. PRESIDING JUSTICE MATCHETT delivered the opinion of the court.

This appeal is by John M. Minnec and Josephine Minnec, husband and wife, from an order of the circuit court directing a writ of assistance to issue to the sheriff for eviction from the premises located at 2721 Wesley avenue, Berwyn, Illinois, of John Minnec,

Angela Minnec, Josephine Minnec, Elena Salerno, Francisco Salerno, with other parties now occupying the premises. The order was entered upon the petition of Herman Sievers. Sievers held a mortgage on the premises. He and John M. Minnec were made defendants to a bill to foreclose a mechanics' lien against it, brought by I. Peterson and Son. Sievers answered the bill and filed a cross-bill to foreclose his mortgage. At that time John M. Minnec and Angela Minnec (his then wife) were in possession of the premises and were made defendants to the cross-bill. A receiver was appointed, and a decree of foreclosure was entered on March 29, 1929. The premises were sold on April 23, 1937, to Sievers, and at the expiration of the period of redemption he received a deed from the master. G. R. Johnson, the receiver, remained in possession pending the period of redemption and by order of court John M. Minnec paid rent to the receiver at the rate of $30 per month. Angela Minnec died pending the litigation. Defendant John M. Minnec thereafter married Josephine Salerno, his present wife and co-appellant.

On March 17, 1938, Elena Salerno, a sister of the present wife, Josephine, obtained a quitclaim deed to the premises from one Harry Krauspe. The answer of Josephine says that Elena moved in immediately after receiving the deed. If she did so, it is apparent it must have been by permission from John M. Minnec, who was paying rent to the receiver up to the expiration of the period of redemption. Josephine Minnec claims that after receiving the deed from Krauspe, her sister, Elena Salerno, made a lease demising to her (Josephine) a portion of the premises and that she took possession of all of it except a portion received by Elena Salerno. Josephine, therefore, claims right to possession under a lease from her sister, Elena Salerno, and Elena claims to be in possession of the balance as owner.

The matter was heard upon the petition of Sievers and the answer of Josephine Minnec. The court also heard oral evidence. It is now contended that in the absence of a replication to the answer it was error to hear such oral evidence. No objection was made on this ground at the hearing, and the point was waived. *Piot v. Davis,* 241 Ill. 434, 439; *Dempsey v. Burns,* 281 Ill. 644, 652. It is urged that the court erred in ordering the writ of assistance to issue and authorities are cited to the effect that as grantee from Krauspe, who was the holder of a tax deed, Elena Salerno took title in fee simple. *Woitynek v. Franken,* 300 Ill. 418; *McConnell v. Jones,* 332 Ill. 620. All this is beside the point. The proceeding was not one to try title but to determine summarily the right to possession. The court was justified in finding that Josephine and Elena, one the wife and the other the sister-in-law of defendant John M. Minnec, who had attorned to the receiver, were let into possession by him and took *pendente lite* while the foreclosure was as to them *lis pendens.* A defendant's relatives cannot defeat a court proceeding in this way. *Goldstein v. Weisberg,* 258 Ill. App. 228; *First Nat. Bank v. Bryn Mawr Beach Bldg. Corp.,* 365 Ill. 409; *Chicago Title & Trust Co. v. Maruszczak,* 298 Ill. App. 283, 288. The order will be affirmed.

*Affirmed.*

O'Connor and McSurely, JJ., concur.