WILLIAM G. KELLE, Appellee, vs. WILLIAM C. EGAN
    et al.—(JACOB GLOS, Appellant.)

*Opinion filed October 26, 1912—Rehearing denied Dec. 4, 1912.*

1. BURNT RECORDS—*burden is upon defendant to show validity of his tax deeds.* In a burnt records proceeding it is not necessary for the petitioner to set out that the title claimed by the defendant is invalid and wherein it is invalid, but the burden is upon the defendant to show the validity of tax deeds under which he claims.

2. SAME—*when holder of certificates of tax sales is not entitled to reimbursement.* The holder of certificates of tax sales upon which the time for the execution of deeds has expired is not entitled to reimbursement in a burnt records proceeding, as such certificates show, on their face, that they are void under section 225 of the Revenue act.

APPEAL from the Circuit Court of Cook county; the Hon. RICHARD S. TUTHILL, Judge, presiding.

JOHN R. O'CONNOR, for appellant.

ENOCH J. PRICE, for appellee.

Mr. CHIEF JUSTICE DUNN delivered the opinion of the court:

The appellee filed a petition to establish title under the Burnt Records act, and a decree having been rendered in his favor, Jacob Glos, one of the defendants, appealed.

Jacob Glos claimed title to the premises by virtue of certain tax deeds, which were set aside. He insists that there was no evidence of the invalidity of the tax deeds. The master found that the evidence offered by the defendant Jacob Glos was insufficient to prove that the tax deeds were valid, and this finding is not objected to. Under the Burnt Records act it was not necessary to set out that the defendant's title was illegal and wherein it was so. The burden was upon him to establish his title. *Gage* v. *Caraher*, 125 Ill. 447; *Gage* v. *DuPuy*, 134 id. 132; *Gage* v. *Gentzel*, 144 id. 450.

The appellant was the holder of certain certificates of tax sales upon which the time for the execution of a deed had expired and the court did not require reimbursement of the amount of such sales. There was no equitable right to such reimbursement. (*Gage* v. *Caraher, supra.*) Unlike the tax deed in *Jackson* v. *Glos,* 243 Ill. 280, no one can have or exercise any rights under these expired certificates, which show, on their face, that they are absolutely void under section 225 of the Revenue act.

*Decree affirmed.*