Edward J. Suess, Defendant-Appellant, and Royce Perkins, Defendant, v. Richard Jousma, et al., Plaintiffs-Appellees.

Gen. No. 53,529.

First District.

March 20, 1970.

Rehearing denied April 27, 1970.

Aaron Cohen, of Chicago, for appellant.

Jesse H. Brown, of Chicago (Silverstein & Stein, of counsel), for appellees.

ALLOY, J.

Four plaintiffs, Richard Jousma, Roy Bergunder, Edward Gabriel and James Clark, brought an action against Royce Perkins and Edward J. Suess, individually, for a

total of $10,500. Plaintiffs alleged that the defendants represented to them that the defendants owned a transferable working interest in the Thelma I. Rodgers Oil Well #2 in Richland County, Illinois. The complaint alleged that in reliance on the statements made by defendants, plaintiffs purchased a working interest in Well #2 and that plaintiffs made the following payments to the defendants: Jousma—$6,000; Bergunder—$1,000; Gabriel—$2,500; and Clark—$1,000. Plaintiffs alleged that the sale took place on or about January 16, 1968, but shortly after the purchase plaintiffs discovered that the statements made by defendants were false, and that defendants actually owned no interest in Rodgers Well #2 which they could sell to plaintiffs. The complaint also alleged that defendants knew that the statements they made as to Rodgers Well #2 were false and were made wilfully and maliciously with the intent to deceive plaintiffs and induce them to pay the total sum of $10,500 referred to. The complaint alleged that plaintiffs rescinded the transaction as soon as they learned that the statements by defendants were false and that defendants were notified of such rescission. It was also alleged that after defendants learned of the rescission, defendants agreed to return the money to plaintiffs but that they have failed to do so and, thus, plaintiffs are entitled to their judgment. The plaintiffs also allege that malice was the gist of the action.

In August of 1968, plaintiffs filed a motion for summary judgment and attached to the motion an affidavit of Richard Jousma, one of the plaintiffs. The affidavit stated that plaintiffs had requested a return of the money as set forth in the complaint and that the two defendants had agreed to pay the money. Both had signed four documents in which they agreed to repay the various sums to the four plaintiffs. A copy of each of the documents was attached to the motion and affidavit and it was stated that the signatures on the docu-

ments were the true and correct signatures of Suess and Perkins. Each of the agreements was in the form used as to Jousma, which was as follows:

"January 31, 1968

"I hereby promise to return a check for $6,000, Six Thousand Dollars to Richard Jousma for the #2 location on the Thelma I. Rodgers Lease.

"Said check for full amount (Six Thousand Dollars) shall be made out & sent to Richard Jousma, 5901 Archer Ave., Chicago 38, Ill. & mailed in the week ending February 3rd, 1968.

/s/ ROYCE PERKINS
Subject to Edward J. Suess's signature
/s/ EDWARD J. SUESS"

It was recited in the affidavit that defendants had paid no part of the money and there was also attached to the affidavit a title search of the records of the oil company in Richland County. The attached exhibits disclosed assignments describing Edward J. Suess and Royce Perkins as co-partners, d/b/a Sandy Oil Co.

Defendant Suess filed an affidavit in opposition to the motion for summary judgment. In such affidavit he stated that he knew only of the investment of Jousma and that Perkins, the other defendant, carried on all negotiations and all money for the purchase was paid to Perkins. Suess stated that if the other three plaintiffs invested in Rodgers Well #2, that they purchased because of representations made by Jousma. Suess stated that he never met Bergunder, Gabriel or Clark and had not even talked to them prior to the date of the sale. He also stated that he received none of the money personally from the sale of the interest in the well nor any financial benefit from the sale. He also stated that he believed that Jousma and Gabriel purchased

Rodgers Well #2 from Sandy Oil Company, an Illinois corporation, in which he, Suess, might have been secretary-treasurer, but does not state this for a certainty. He stated that when he asked Jousma to furnish evidence of the purchase of the interest in the well, that Jousma furnished him a photo of the cashier's check for $6,000 payable to Sandy Oil Company. Suess stated that any oil transactions he was involved in after October of 1967 were done through Sandy Oil Company and that the checks showed that Jousma and others knew this. He further stated that four documents were presented to him by Jousma after Perkins had signed and delivered the documents to Jousma and that Suess did not intend to make a personal promise to pay these amounts. He also stated that Jousma knew that he was signing the four documents as a corporate officer and that Suess never personally agreed to return the funds to Jousma. Suess stated in his affidavits that he signed the four documents believing that it would obtain for Jousma the funds originally invested in the well as affiant Suess assumed that Perkins had access to the funds.

On September 3, 1968, the trial court entered a summary judgment in favor of each of the four plaintiffs for the amounts alleged due them, being the total sum of $10,500 and judgments were entered against defendant, Edward J. Suess, personally in such amounts. The issue before this Court on review is whether the trial court correctly granted the motion for summary judgment. It is contended by defendant that there were genuine issues as to material facts and that entry of summary judgment was improper.

■ ■ Both parties to this action agree that summary judgment is proper where there is no genuine issue as to a material fact raised by the pleadings and affidavits presented by both parties (1967 Ill Rev Stats, c 110, § 57; Miller v. Owens-Illinois Glass Co., 48 Ill

App2d 412, 199 NE2d 300). They also agree with the rule that pleadings and affidavits should be construed strictly in favor of the moving party and liberally for the party contesting the motion for summary judgment (Kern v. Chicago & Eastern Illinois R. Co., 44 Ill App2d 468, 195 NE2d 197; Di Battista v. Centennial Ins. Co., 52 Ill App2d 84, 201 NE2d 466).

There are a number of matters in the case before us which appear to be disputed when both pleadings and affidavits of the parties are considered. The complaint charged Suess with making false statements to deceive plaintiffs and to induce them to purchase an interest in the oil well. Defendant Suess denies even knowing three of the plaintiffs prior to the alleged sale of the oil interest and also alleges that an Illinois corporation of which he was an officer was actually involved in the sale. Suess, however, admits he signed the agreements and it was upon the basis of the agreements the trial court entered the order for summary judgment. It is unquestioned that both Perkins and Suess executed the documents and that the documents on their face are unconditional agreements to return the money which was invested by plaintiffs in the oil well as alleged in the complaint.

On the basis of the record, the issues to which Suess referred do not present material questions of fact. The question of whether the plaintiffs paid the money for the direct benefit of Suess; whether he personally made fraudulent misrepresentations to plaintiffs; and even whether he represented that he had a direct interest in the well referred to, are not material in view of the documents signed by Suess and Perkins. The real question is whether Suess entered into an agreement based on an acknowledgment of obligations, following claims by plaintiffs, by which he agreed to return the money. Whether Suess privately intended that his signature was not to bind him personally could not affect the other

419

parties, since there was nothing on the face of the promise to pay the money back to plaintiffs which makes the undertaking conditional in any way or which makes reference to Sandy Oil Company. There was, therefore, an unconditional admission of an obligation by Suess and Perkins to make the payments and a specific promise to return the money. The trial court, on the basis of the record, was justified in finding that defendants Suess and Perkins had agreed with each of the plaintiffs to repay the sums of money set forth in the complaint. It was apparent to the court that defendants, in answer to the claims of the plaintiffs, based upon false representations made by defendants, personally agreed to refund the money to each of the plaintiffs. If this undertaking was ambiguous in any respect, the ambiguity would be construed strongly against defendants who prepared and executed the promises to return the money.

On the basis of the record, therefore, we conclude that there was no material issue of fact raised in the lower court and that the entry of summary judgment pursuant to motion was proper. The judgment of the Circuit Court of Cook County will, therefore, be affirmed.

Affirmed.

RYAN, P. J. and STOUDER, J., concur.