HILL BEHAN LUMBER COMPANY, Plaintiff-Appellant, v. DOMINIC L. MARCHESE, et al., Defendants-Appellees.

(No. 71-16;

Second District—November 11, 1971.

Benjamin Daidone, of Chicago, for appellant.

Mirabella, Facktor, Mirabella & Kincaid, of Wheaton, for appellees.

Mr. PRESIDING JUSTICE THOMAS J. MORAN delivered the opinion of the court:

Plaintiff, a materialman, brought suit to foreclose a mechanic's lien or, in the alternative, to impose an equitable lien upon the premises owned by the defendants, Dominic and Edith Marchese. The trial court held for the defendants and the plaintiff appeals.

In March of 1968, the defendants contracted with the defendant Nu-Look Construction Company for improvements to their home. Work was begun immediately. The testimony reflects that plaintiff was the sole supplier of lumber for that contract. From March 14 to April 17, several orders, for which plaintiff's invoices indicate the Marchese address as the intended job site, were placed by Nu-Look. Some of these orders were delivered to the defendants' premises by plaintiff, while others were picked up by Nu-Look. There is a final invoice dated May 10th which bears the defendant's address as the intended job site. That order was picked up by Nu-Look, who subsequently, went into bankruptcy.

Plaintiff contends that the trial court's findings as to the mechanic's lien action was against the manifest weight of the evidence and that the court erred in not awarding, in the alternative, an equitable lien.

The decision of the court that plaintiff is not entitled to relief under the Mechanics' Liens Act, (Ill. Rev. Stat. 1967, ch. 82, pars. 1 thru 39), rests on its finding that the materials listed on the May 10th invoice were not delivered to the defendants' premises. The testimony on this issue is contradictory. The defendants testified that Nu-Look was ordered off their premises, and that they did no work after April 17th. Mr. Marchese also testified that various items contained in plaintiff's invoices, including all materials on that of May 10th, were either never installed or delivered, or not needed because of the completed stage of construction when ordered. The former officers of Nu-Look testifying as adverse witnesses stated that all materials listed on plaintiff's invoices, indicating the Marchese address as the intended recipient, including that of May 10th, were delivered there, and that no materials were thereafter removed from the premises.

■■ The rule is that when the determination of a case depends upon contradictory facts in the record, a reviewing court will not disturb the findings of the trial court unless they are manifestly against the weight of the evidence. (*Brown v. Commercial National Bank* (1969), 42 Ill.2d 365, 371, *Schulenburg v. Signatrol, Inc.* (1967), 37 Ill.2d 352, 356, *Brown v. Zimmerman* (1959), 18 Ill.2d 94, 102.) A finding is against the "manifest weight" when "an opposite conclusion is 'clearly apparent', * * * or the finding * * * appears to be 'unreasonable, arbitrary, and not based on the evidence * * *.'" *Roth v. Lissner Iron & Metal Co.* (1967), 88 Ill.App.2d 352, 355-356.

■■ The testimony in this case was susceptible of more than one conclusion. From one review of the record we cannot say the trial judge's finding that no material was delivered on May 10th was unreasonable, arbitrary and not based on the evidence or that an opposite conclusion was clearly apparent. Consequently, his findings were not against the manifest weight of the evidence.

■■ There is no question but that the defendants were potentially liable to plaintiff under the Liens statute, sections 21 and 24, because of their failure to obtain the contractor's sworn statement as required by section 5. (*Liese v. Hentze* (1927), 326 Ill. 633, 638, *Fred C. Kramer Co. v. La Salle Natl. Bank* (1962), 36 Ill.App.2d 406, 413-414.) However, a condition precedent to the right of recovery by plaintiff was strict compliance with the statute. (*North Side Sash and Door Co. v. Hecht* (1920), 295 Ill. 515, 519.) Plaintiff did not serve its notice of lien until July 5, 1968. Since the trial court found that the last performance by plaintiff was in April, the plaintiff did not perfect its lien under the terms of the statute because it did not comply with the then 60-day notice provision of section 24.

792

■■■ Plaintiff also contends that it was entitled to an equitable lien on the grounds of unjust enrichment. We are unable to find any authority which would grant an equitable lien in a situation where it would have been appropriate to impose a mechanic's lien had there been compliance with the statute. Our research reveals that the sole remedy of subcontractor against the owner of premises is under the Mechanics' Liens Act. *Traubco Food v. United Auto Workers* (1970), 123 Ill.App.2d 106, *Vanderlaan v. Berry Const. Co.* (1970), 119 Ill.App.2d 142, 144, *Suddarth v. Rosen* (1967), 81 Ill.App.2d 136, 139.

Our case of *Calacurcio v. Levson* (1966), 68 Ill.App.2d 260, which was relied on by plaintiff, is distinguishable as not involving a suit by a subcontractor.

The judgment of the trial court was correct and must be affirmed.

Judgment affirmed.

SEIDENFELD and GUILD, JJ., concur.