P. H. BROUGHTON & SONS, INC., Plaintiff-Appellant, *v.* MULLER & ALLEN REALTY CO., INC., Defendant.—SECURITY FEDERAL SAVINGS & LOAN ASSOCIATION, Plaintiff-Appellee, *v.* MULLER & ALLEN REALTY CO., INC., Defendant.

Fourth District   No. 13335

Opinion filed August 12, 1976.

Howarth & Howarth, of Springfield, for appellant.

E. Frederick C. Gain, of Springfield, for appellee.

Mr. JUSTICE GREEN delivered the opinion of the court:

On March 25, 1970, P. H. Broughton & Sons, Inc., a corporation (Broughton), filed suit in the circuit court in Sangamon County against Muller & Allen Realty Co., Inc., a corporation (Muller & Allen), and Security Federal Savings & Loan Association, a Federal Savings and Loan Association (Security), seeking to foreclose a mechanics' lien upon certain subdivided real estate. By subsequent amendments, Broughton added other defendants and sought to establish and foreclose an equitable lien against the same property. That case has been consolidated with a suit by Security against Broughton and Muller & Allen to foreclose first and second mortgages against the same premises. Upon Security's motion, summary judgment was entered finding that Broughton had no lien against the premises and dismissing its complaint. The trial court has found that no just reason exists to delay enforcement or appeal from that order. Broughton appeals.

A summary judgment may be entered if the "pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment or decree as a matter of law." (Ill. Rev. Stat. 1975, ch. 110, par. 57(3).) The documents before the trial court in the instant

motion for summary judgment showed that Muller & Allen were subdividers owning the tract of real estate in question. They solicited bids from contractors to pave certain streets and sidewalks and to do related work on these premises. Broughton was the low bidder. Muller & Allen proposed to Broughton a form of contract whereby Muller & Allen would pay for the work by paying Broughton "through" Security the sum of $1000 as each lot was sold until the full contract price had been paid.

At the time of these negotiations, Security had a first mortgage against the premises and had agreed to make a further loan to be secured by a second mortgage. Broughton was skeptical of Muller & Allen's solvency. Muller & Allen persuaded Broughton to agree to the proposed construction contract when an addendum was attached to the proposed agreement and signed by authorized agents of Broughton, Muller & Allen, and Security. Broughton and Security had no direct communications, but the addendum was drafted and signed by the secretary of Security. The addendum stated in part:

> "1. I will instruct the personnel of the Loan Department of said Association that no Partial Release be issued on any Lot covered by said Mortgage until the said Owner has delivered a check to the said Association in the amount of at least $1000.00 made out to the Contractor until such time as the sum of $25,506.50 has been paid the Contractor by the Owner in the manner above mentioned.

> I will further advise the Loan Department personnel to advise the Contractor as to the receipt of such check or checks so that the Contractor may pick up same at which time the Contractor will execute such Waivers or Releases as may be necessary or required by the Association.

> It is understood and agreed that nothing herein contained, or any agreement between said Owner and Contractor, shall have any effect on the fact that said mortgage is to be considered as a first and valid lien on said land and that all other debts and claims shall be inferior and subordinate to the lien of said mortgage."

■■ Work on the contract began in 1964. When suit was filed to foreclose a mechanics' lien on March 25, 1970, a substantial portion of the contract price remained unpaid. The trial court ruled that Broughton had no right to a mechanics' lien because the complaint requesting foreclosure of such a lien had not been timely filed. Section 9 of "An Act * * * in relation to mechanics' liens * * * " (Ill. Rev. Stat. 1969, ch. 82, par. 9), at all times pertinent, required that a suit to foreclose a mechanics' lien must be filed "within 2 years after the completion of the contract, or completion of the extra or additional work, or furnishing of extra or additional work and material thereunder." It is undisputed that the work required by the contract had been completed more than 2 years prior to

the filing of the complaint unless certain work done by Broughton in connection with a spillway was work done to complete the contract. Broughton contends on appeal that a "genuine issue" of fact exists as to the nature of this work.

■■ The erection of the spillway was required by the contract. The structure had been built by a subcontractor. Rains had apparently washed away some underlying dirt. William Broughton, an officer of Broughton, stated in a discovery deposition:

> "We thought that perhaps there should have been more fill and concrete around the spillway to support it; but we had already waited several months since we had completed the original contract, and the owner had not yet paid us for the work done as billed; and so we consented to the owner's demands and paid the time of two or three of our sub-contractor's employees for three days to get the work done. We directed the sub-contractor to correct the conditions at our expense. We did the work in good faith, on May 7-9, 1969, and at expense to our company only after the repeated insistence and demand of the owner so as to make good on our contract, and eliminate any other excuses for nonpayment."

The deponent characterized the work as "repairs" and stated that the work did not constitute any extension or enlarging of the spillway.

The question of when work under a contract has been completed also arises under section 7 of the Act (Ill. Rev. Stat. 1969, ch. 82, par. 7) in regard to the required time for filing a claim for lien in order to make the claim valid as against third parties. In *Miller Bros. Industrial Sheet Metal Corp. v. La Salle National Bank* (1969), 119 Ill. App. 2d 23, 30, 255 N.E.2d 755, 759, a subcontract provided for a plate glass curtain wall to be erected at a race track. In seeking to enforce the lien, the subcontractor contended that the work under the subcontract was not completed until it sent three glaziers back to the site to reset some gasket material that had worked loose from some lights. The trial court found that the subcontract had been completed prior to the work by the three glaziers and ruled that the claim had not been timely filed. In affirming, the appellate court held that the trial court's findings were not contrary to the manifest weight of the evidence. The appellate court noted that the subcontractor's "activity was in the nature of maintenance of a completed job rather than the completion of the contract itself." That court also commented "A 'resetting' of loose gaskets obviously implies that there had been an earlier 'setting' and that the subsequent work was to correct some malfunction."

In *Capital Plumbing & Heating Supply Co. v. Snyder* (1971), 2 Ill. App. 3d 660, 275 N.E.2d 663, a contract provided for the furnishing of metal railings, air conditioner, and other materials. The trial court found that

work consisting of installation of the last railing and painting of some railings previously installed was work on the contract. On appeal this court affirmed, holding the trial court's findings to be not contrary to the manifest weight of the evidence.

Although decided upon the issue of whether the decision was contrary to the manifest weight of the evidence, these two cases guide us in determining when work done by a contractor or subcontractor extends the time for filing claim for a mechanics' lien. Where, as in *Miller Bros. Industrial Sheet Metal Corp.*, the work is in the nature of repairs to, or correction or maintenance of, work already done, the time for filing is not extended. Here, considering the deposition of William Broughton and the other documents before the court most favorably to Broughton, we conclude that the work on the spillway is shown as a matter of law to be in the nature of repairs to and maintenance of a spillway that had previously been built. It was not like the original installation or painting of an item as in *Capital Plumbing & Heating Supply Co.* The trial court properly found that there was no genuine issue of material fact on the question of the timeliness of the filing of Broughton's complaint and correctly ruled that Broughton had no mechanics' lien against the premises.

Security also contends that section 6 of the Act (Ill. Rev. Stat. 1969, ch. 82, par. 6) requires that work must be done and material furnished within 3 years of the commencement of the furnishing of work or materials in order to give rise to a mechanics' lien when, as here, the contract provided for no time for completion of the work or for payment. Because of our previous ruling, we need not address this question.

Broughton's complaint also alleged that the terms of the tripartite addendum created an equitable lien in its favor to the extent of $1000 as to each unsold lot to secure the payments owed by Muller & Allen pursuant to the contract. An equitable lien is created when parties enter into an express executory agreement to make particular property security for an obligation. *Aldrich v. R. J. Ederer Co.* (1922), 302 Ill. 391, 134 N.E. 726.) The essential elements of this type of lien are an obligation owed and an identifiable res to which the obligation attaches. (*Marshall Savings & Loan Association v. Chicago National Bank* (1965), 56 Ill. App. 2d 372, 206 N.E.2d 117.) Broughton contends that Security's promise not to release the mortgage on a lot sold unless $1000 was paid to Broughton is the obligation and Security's mortgages are the res.

■■ ■ Security's only obligation to Broughton under the addendum was to aid Broughton in collecting from Muller & Allen the sum of $1000 upon the contract price as each lot was sold. This was to be done by Security preventing the effective sale of each lot by withholding release of its mortgage interest in the lot until provision was made for the payment to Broughton. Since Security's secretary drafted the addendum, it is to be

construed most strictly against Security. (*Suess v. Jousma* (1970), 122 Ill. App. 2d 415, 259 N.E.2d 349.) Even as so construed, no intention can be found in the document to create a lien with the mortgage interest of Security as its res to secure its obligation to aid Broughton in making collection upon the sale of each lot. Such a construction would be directly contrary to the express provision of the addendum that Security's mortgage interest was to be unimpaired. The trial court correctly ruled that the documents before it showed, as a matter of law, that Broughton did not have an equitable lien against any interest of Security in the real estate.

■■■ The finding by the trial court that Broughton had no lien in the premises also precludes a lien against the interest of Muller & Allen. The record indicates the financial distress of that party, and the indication is given that their interest is valueless. No argument was presented on this point. The performance of work upon real estate under contract with the owner does not give the one performing the work an equitable lien to secure payment to the one performing the work when that party fails to perfect a mechanics' lien. (*Hill Behan Lumber Co. v. Marchese* (1971), 1 Ill. App. 3d 789, 275 N.E.2d 451.) In *Vaniman v. Gardner* (1901), 99 Ill. App. 345, a builder contracted with a landowner to build a house. The agreement provided that the builder would receive partial payment for his work from the proceeds of a subsequent sale of the house and land. The agreement was held to be insufficient to create an equitable lien in the builder on the premises. The finding that Broughton had no lien was proper.

From the record presented, and giving that record a construction most favorable to Broughton (*Equilease Corp. v. Cattlemen's Freezer Meats, Inc.* (1973), 13 Ill. App. 3d 1, 299 N.E.2d 419), we agree with the trial court that the case presents no genuine issue as to a material fact. It is shown as a matter of law that Broughton had neither a mechanics' lien nor an equitable lien in the premises. We affirm the summary judgment entered and remand the case for further proceedings as to other issues.

Affirmed and remanded.

CRAVEN, P. J., and REARDON, J., concur.