Meyer Goldstein, Complainant, v. Morris Weisberg
et al., Defendants.
Sam Gordon and Edward Reiff, Cross Complainants
and Appellants, v. Morris Weisberg et al., Cross
Defendants and Appellees.

Gen. No. 34,215.

Heard in the first division of this court for the first district at the April term, 1930. Opinion filed June 30, 1930.

MAXFIELD WEISBROD and ALEXANDER J. REIFF, for appellants; MAXFIELD WEISBROD, of counsel.

SHERMAN C. SPITZER and NORBERT B. TYRRELL, for appellees.

MR. JUSTICE McSURELY delivered the opinion of the court.

Sam Gordon and Edward Reiff (hereafter called cross complainants) appeal from an order dismissing their cross-bill seeking a mechanic's lien on the premises which were the subject-matter of foreclosure proceedings in the case of *Goodman v. Weisberg et al.*

Was the lien claim of cross complainants barred by the foreclosure?

April 4, 1926, cross complainants made a contract for decorating with the owners of the premises for $1,944, which work was completed June 21, 1926.

June 24, 1926, Samuel Goodman filed his bill against Weisberg et al. to foreclose the trust deed. At this time no claim for mechanic's lien had been filed by cross complainants and they were not in possession of the premises, so that any claim they had was a secret lien. The foreclosure bill made "unknown owners" parties defendants claiming some interest in the premises as lienors, etc., and due publication was made for such unknown owners. (Subsequently on October 26, 1926, Meyer Goldstein filed his bill against Morris Weisberg and others to foreclose a trust deed. This proceeding does not affect the question before us, so that hereinafter in referring to foreclosure proceedings we are referring to the case of *Goodman v. Weisberg* except as otherwise indicated.)

August 10, 1926, cross complainants filed their claim for lien in the office of the clerk of the circuit court.

August 21, 1926, the "unknown owners" were defaulted and the foreclosure bill was taken as confessed as to such defendants.

September 14, 1926, final decree in the foreclosure proceedings was entered which recited that defendants and all persons claiming under them were forever barred from any right, claim or interest in and to the premises.

November 10, 1926, the premises were sold, pursuant to the decree, to Samuel Goodman.

November 15, 1926, the report of the master as to the sale was filed and confirmed.

July 19, 1927, cross complainants were given leave to file their cross-bill *instanter* in *Goldstein v. Weisberg et al.*, and a rule was entered on all the parties to answer the same within thirty days.

February 15, 1928, there being no redemption, the master in chancery delivered his deed of the premises to Belle Finkelstein, assignee of the purchaser, Samuel Goodman, which deed was duly filed on the same day. By subsequent *mesne* conveyances Chicago Title & Trust Company, as trustee, acquired title June 1, 1928.

October 9, 1929, cross complainants filed an amendment to their cross-bill, *Goldstein v. Weisberg et al.*, making Chicago Title & Trust Company, as trustee, and other defendants parties defendant thereto.

November 20, 1929, the appearance of the Chicago Title & Trust Company, as trustee, was entered in the *Goldstein* case, and December 5, 1929, its answer was filed to the cross-bill.

December 16, 1929, cross complainants filed exceptions to the answer of the Chicago Title & Trust Company, trustee. January 15, 1930, upon hearing of the exceptions, they were overruled and the cross-bill as amended was dismissed for want of equity.

In their cross-bill cross complainants after reciting the prior proceedings represented that they were

in the general painting and decorating contracting business in the City of Chicago; that they made a contract to decorate the premises in question on April 4, 1926, which work was completed June 21, 1926; that there was due for this work $1,944, for which cross complainants claimed a lien on the premises; that August 10, 1926, they filed their claim for lien in the circuit court. They prayed that the defendants be decreed to pay the amount of the lien and that they be allowed a lien against the premises for the amount thus due and in default of payment that the premises be sold and that all persons thereafter claiming any right be barred.

The answer of the Chicago Title & Trust Company, trustee, recited the foreclosure proceedings in the *Goodman* case, the decree and sale; that redemption was not made and that a deed had issued, and set forth the *mesne* subsequent transfers resulting in title in the Chicago Title & Trust Company, trustee; that the cross complainants were parties to the Goodman foreclosure proceedings under the name and designation of "unknown owners," and that by reason of those proceedings their rights are forever barred and foreclosed; that they were not entitled to any relief prayed for in the cross-bill and asked that it be dismissed. The exceptions filed by cross complainants thereto averred in substance that the answer was insufficient as containing matters not pertinent or relevant to any of the issues in the cause.

Cross complainants first argue here that, having complied with the provisions of the mechanic's lien law, they are therefore entitled to maintain their lien against the premises. It may be conceded that they have complied with the provisions of the lien law, but even such a lien may be barred. The real question is whether their claim for lien has been barred by the foreclosure proceedings.

The point is presented that, as the proceedings to foreclose and to enforce their lien were pending con-

currently, there can be no bona fide purchaser at the foreclosure sale. The question of a bona fide purchaser does not arise on this record. If the claim for lien is barred by the foreclosure decree, sale and deed, those claiming subsequently by title derived through said foreclosure proceedings are not affected by the fact the cross complainants might have had a lien if it had not been thus barred.

If cross complainants were properly made defendants in the Goodman foreclosure proceedings under the designation of "unknown owners," their lien claim is barred thereby. Section 7 of the Chancery Act, Cahill's St. ch. 22, ¶ 7, provides that in suits in chancery involving lands "if there be persons interested in the same, whose names are unknown, it shall be lawful to make such persons parties to such suits or proceedings, by the name and description of unknown owners," and that when proper publication has been made the court is authorized "to hear and determine the suit, as though all parties had been sued by their proper names." Section 43 reads:

"All decrees, orders, judgments and proceedings, made or had with respect to unknown persons, shall have the same effect, and be as binding and conclusive upon them as though such suit or proceeding had been instituted against them by their proper names."

Cross complainants may have had a claim for lien but such lien under the mechanic's lien law attached as of the date of their contract or April 4, 1926. As they were not in possession of the premises and had filed no claim for lien at the time the foreclosure bill was filed, they properly came under the designation of "unknown owners." When a person is properly made a party to a suit as "unknown owner" and service obtained upon him as required by statute, the decree is just as binding as if he were made a party by his real name and duly served. *Busby v. Maus,* 294 Ill. 401; *Walker v. Ogden,* 192 Ill. 314. By section 19

of the Chancery Act, Cahill's St. ch. 22, ¶ 19, it is provided that such persons may open the proceedings within three years after the rendering of the decree. Cross complainants, however, are not moving under this statute.

Cross complainants seem to argue that, because they had four months within which to file their claim for lien, nothing could happen in the meanwhile to affect their rights. This is an erroneous assumption. A secret lien is in constant peril. The filing of the Goodman bill to foreclose was, in effect, notice to cross complainants that any lien claim may be barred by the proceeding. They did nothing in the matter and permitted the foreclosure to proceed to a default against them, a decree and a sale, and asserted no rights in the proceeding until nearly nine months after the decree was entered and none against the instant holder of the title until well on to two years after the sale had ripened into a deed.

If cross complainants acquired their rights subsequent to the filing of the Goodman foreclosure bill, they acquired such rights *pendente lite* and are bound by the foreclosure proceedings. Section 1 of the Chancery Act in regard to *lis pendens,* Cahill's St. ch. 22, ¶ 57, provides that every suit in equity shall from the time of the filing of the bill ''be constructive notice to every person subsequently acquiring an interest in or a lien on the property affected thereby, and every such person and every person acquiring an interest or lien as aforesaid, not in possession of said property and whose interest or lien is not shown of record at the time of filing such bill of complaint . . . shall, for the purposes of this Act, be deemed a subsequent purchaser and shall be bound by the proceedings to the same extent and in the same manner as if he were a party thereto.''

It follows, therefore, that cross complainants' rights are barred, even upon the assumption that they ac-

quired an interest *pendente lite,* for their claim for lien was not filed until some months after the foreclosure bill had been filed. In the recent case of *Moore v. Zelic,* 338 Ill. 583, in an opinion sustaining the validity of this statute, it was said that the doctrine of *lis pendens* "is based on questions of public policy and convenience as necessary to the administration of justice, in order that decisions in pending suits may be binding and of full effect and that an end be had to litigation."

Whether we consider cross complainants as having a secret lien when the Goodman bill to foreclose was filed, or as having an interest which attached *pendente lite,* in either view the cross-bill was properly dismissed and the decree is affirmed.

*Affirmed.*

MATCHETT, P. J., and O'CONNOR, J., concur.