JAMES L. JACOBSEN, d/b/a ECONOMY GENERAL HOME IMPROVEMENT CO., Plaintiff-Appellant, *v.* FRANCES S. CONLON *et al.*, Defendants-Appellees.

(No. 58370;

First District (3rd Division)—August 16, 1973.

S. M. Del Principe, of Chicago, for appellant.

Robert E. Mesic and Ned Langer, both of Chicago, for appellees.

Mr. JUSTICE McGLOON delivered the opinion of the court:

This is an appeal from the dismissal by the trial court of amended Count I of the plaintiff's complaint. In his complaint the plaintiff, a contractor, sought the imposition of an equitable lien on certain real estate in Cook County alleging that defendant Hoffman and others had been unjustly enriched by certain valuable improvements the plaintiff made on the real estate. On defendant Hoffman's motion, amended Count I was dismissed for failure to state a cause of action against him. The plaintiff believes amended Count I does state a cause of action against Hoffman and so argues in this appeal. The defendant contends the complaint was properly dismissed.

We affirm.

The pertinent facts in this case are as follows: On April 7, 1967, the defendant, Richard L. Hoffman, purchased the unpaid 1965 taxes due and owing on a certain parcel of real estate in Chicago and received a certificate of sale. On July 28, 1967, the plaintiff entered into a contract with Frances S. Conlon, then the owner of the aforementioned tax delinquent real estate, to furnish labor and materials for certain remodeling work to be done on the premises. The plaintiff completed his contract on April 30, 1968. Hoffman never requested the plaintiff to perform any work on the premises and was never involved with the plaintiff in any way before the institution of this action. On February 26, 1969, the plaintiff, unable to collect the full amount due him for his work, filed an "Original Contractor's Claim for Lien" in the office of the Recorder of Deeds of Cook County for the unpaid balance of his bill.

On October 2, 1969, the statutory period of redemption having expired, the County Clerk of Cook County issued a tax deed to Hoffman, and he became the record owner of the real estate in question. Shortly

thereafter, in November, 1969, Hoffman conveyed the property to the American National Bank and Trust Company of Chicago.

In December, 1969, the plaintiff filed a complaint to foreclose his Mechanic's Lien and joined Hoffman as a defendant under Count I. Count I was subsequently dismissed with leave to file an amended Count I which was filed in February, 1972. In the amended count the plaintiff alleged that Hoffman and others had been unjustly enriched by his work and prayed for the imposition of an equitable lien against the premises and a foreclosure thereof. Amended Count I was also dismissed pursuant to Hoffman's motion in March, 1972. It is this order from which the plaintiff appeals.

For the purposes of this appeal the plaintiff has conceded the dismissal of the original Count I concerning his claim for a mechanic's lien and contests only the dismissal of amended Count I dealing with his claim for an equitable lien. The issue presented here is whether a complaint based on the above facts, alleging unjust enrichment and seeking to impose an equitable lien on real estate acquired by tax deed by the defendant, states a cause of action. In addressing this issue the plaintiff correctly argues that courts of equity will impose equitable liens on real estate in order to prevent the unjust enrichment of a defendant. However, the cases relied upon by the plaintiff to establish this proposition are all factually different than the instant case, and this difference discloses the fatal defect in the plaintiff's theory in this case. In *Calacurcio v. Levson* (1966), 68 Ill.App.2d 260, 215 N.E.2d 839, cited by the plaintiff, the court concluded that the plaintiff was entitled to an equitable lien on real estate owned by the defendant based on the finding "that plaintiff had expended his own money for the improvement of property belonging to the Levsons *and that he did so at their request.*" (Emphasis added.) (68 Ill.App.2d 260, 263-264. Accord, *Sentel v. James* (1958), 16 Ill.App.2d 373, 148 N.E.2d 22.) In *Pope v. Speiser* (1955), 7 Ill.2d 231, 130 N.E.2d 507, also relied upon by the plaintiff, the plaintiff placed valuable improvements on the defendant's farm with the knowledge and consent of the defendant and after repeated statements by the defendant that the farm would belong to the plaintiff upon the defendant's death. The court granted plaintiff an equitable lien in the land after the defendant attempted to sell the farm to a third person holding that:

> "* * * if the owner stands by and permits another to expend money in improving his land he may be compelled * * * to pay for the improvements. In such cases there is always some ingredient which would make it a fraud in the owner to insist upon his legal rights. Such an ingredient may consist in the owner encouraging the stranger to proceed with the improvement, or

where one party acts ignorantly and without the means of better information and the other remains silent when it is in his power to prevent the expenditure of the money under a delusion." 7 Ill. 2d 231, 240.

These cases are essentially different from the instant case. In our case Hoffman did not become the owner of the real estate until well after the work was completed. He did not request that the work be done, as in *Calacurcio* and *Sentel*, nor was it within his power to prevent the plaintiff's expenditure at the time the work was performed, as in *Pope*. The facts in this case disclose that Hoffman did not occupy the same position to the plaintiff as was occupied by the defendants in the above cases. In short, it is arguable that though Hoffman was enriched by the plaintiff's improvements, it was not unjust.

■■ The essential elements of an equitable lien are: (1) a debt, duty or obligation owing by one person to another, and (2) a res to which that obligation fastens. (*Marshall Savings & Loan Assn. v. Chicago National Bank* (1965), 56 Ill.App.2d 372, 206 N.E.2d 117.) In the instant case there was no debt, duty or obligation owing from Hoffman to the plaintiff. Hoffman did not enter into a contract with the plaintiff nor did he stand idly by and allow the plaintiff to perform work that he knew he would not be compensated for. No conduct on the part of Hoffman created a debt, duty or obligation to the plaintiff. Therefore, the first element needed to establish an equitable lien is lacking and the complaint was properly dismissed.

For these reasons the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

DEMPSEY, P. J., and McNAMARA, J., concur.