*In re* ESTATE OF WILLIAM F. McGAUGHEY, Deceased.—(JANICE R. MOORE, Adm'r *De Bonis Non,* Petitioner-Appellant, *v.* TRICKA McGAUGHEY, Removed Adm'r, Respondent-Appellee.)

First District (1st Division)   No. 77-793

Opinion filed May 1, 1978.

John Latimer Edwards and Michael Anthony Lowe, both of Chicago, for appellant.

Sidney A. Jones, III, of Mitchell, Hall, Jones & Black, P.C., of Chicago, for appellee.

Mr. PRESIDING JUSTICE GOLDBERG delivered the opinion of the court:

Janice R. Moore, administrator *de bonis non* (petitioner), filed a petition for citation to discover information and recover assets against Tricka McGaughey Hedgemon (respondent), the removed administrator of the estate of William McGaughey, (decedent). (Ill. Rev. Stat. 1975, ch. 3, par. 183.) At the close of petitioner's presentation of evidence, the trial court dismissed the petition on respondent's motion. Petitioner appeals.

The decedent died intestate on June 7, 1967. His widow (respondent) was appointed co-administrator on June 12, 1967, together with one of decedent's daughters. The latter resigned as co-administrator on May 10, 1968. The respondent was removed as administrator on June 6, 1972, and thereafter duly filed her final account. The petitioner is another daughter of the decedent.

The pertinent statute, section 183 of the Probate Act (Ill. Rev. Stat. 1975, ch. 3, par. 183) provides:

"Upon the filing of a verified petition therefor, the court shall

order a citation to issue for the appearance before it of any person whom the petitioner believes (1) to have concealed, converted, or embezzled or to have in his possession or control any personal property, books of account, papers, or evidences of debt or title to lands which belonged to a person whose estate is being administered in that court or which belongs to his estate or to his executor, administrator, guardian, or conservator or (2) to have information or knowledge withheld by the respondent from the executor, administrator, guardian, or conservator and needed by the executor, administrator, guardian, or conservator for the recovery of any property by suit or otherwise.* * *."

The decedent had owned a real estate business on the south side of Chicago. The petition contains six counts, each alleging that respondent either converted or allowed others to convert various pieces of real estate or interests arising therefrom and other assets which had been the property of the decedent. As each of the counts involved separate factual situations, we will consider each separately.

I.

Petitioner contends respondent failed to protect as an asset of the estate the beneficial interest in a land trust at Union National Bank (Bank). Instead, respondent allowed this interest to be sold pursuant to court order and the proceeds paid to the Bank in satisfaction of commercial loans obtained by decedent from the Bank and secured by a collateral pledge of the subject beneficial interest. Testimony by respondent and by an officer of the Bank established that decedent had borrowed $110,000 from the Bank and pledged to the Bank as collateral the beneficial interest in "Union National Bank Land Trust No. 487." This interest was encumbered by an assignment to the Bank. It was sold pursuant to an order of the probate division entered November 28, 1967, and the proceeds were paid to the Bank. A Bank officer testified that the date of sale was February 5, 1968. The gross selling price was $104,000 and the net proceeds of sale, after payment of closing expenses, were $85,051.39. The entire net proceeds were received by the Bank on account of the debt due from decedent.

It is this $104,000 which petitioner claims as an asset of the estate. It is petitioner's theory that when decedent died the Bank did not have a perfected security interest in the assignment as required by section 9—302 of the Uniform Commercial Code (Ill. Rev. Stat. 1969, ch. 26, par. 9—302). Petitioner contends that the Bank was therefore an unsecured seventh class creditor (Ill. Rev. Stat. 1975, ch. 3, par. 202) and was entitled only to share *pro rata* in the assets of the estate with all other seventh class creditors. Ill. Rev. Stat. 1975, ch. 3, par. 205.

Citing *Levine v. Pascal* (1968), 94 Ill. App. 2d 43, 50, 52, 236 N.E.2d 425, *appeal denied* (1968), 39 Ill. 2d 626, and *Bank of Broadway v. Goldblatt* (1968), 103 Ill. App. 2d 243, 243 N.E.2d 501, petitioner argues that because the beneficial interest in an Illinois land trust is personal property, an assignment thereof creates only an interest in personal property. Therefore, petitioner contends it was necessary that the Bank perfect its security interest by filing a financing statement with the Secretary of State.[1] It is undisputed that the Bank did not file such a statement.

■■■ We do not differ from petitioner's position that an assignment of the beneficial interest in a land trust creates only a personal property interest. However, in the case before us, the Bank not only was the assignee of the beneficial interest in the land trust but was the trustee of this same trust. As *Levine v. Pascal* so clearly explains, the trustee in an Illinois land trust "has both legal and equitable title" to the *res* of the trust. (*Levine v. Pascal*, 94 Ill. App. 2d 43, 50; see also *In re Romano* (N.D. Ill. 1977), 426 F. Supp. 1123, 1127-28; *Chicago Federal Savings & Loan Association v. Cacciatore* (1962), 25 Ill. 2d 535, 543, 185 N.E.2d 670.) The beneficiary of a land trust has nothing more than an interest in personal property. The trustee is absolute owner of the real estate at law. *Marshall Savings & Loan Association v. Chicago National Bank* (1965), 56 Ill. App. 2d 372, 206 N.E.2d 117; *Schneider v. Pioneer Trust & Savings Bank* (1960), 26 Ill. App. 2d 463, 466, 168 N.E.2d 808.

■■ In our opinion, it follows necessarily that the Bank had an interest in the real estate exempt from the requirements of article Nine of the Uniform Commercial Code. (Ill. Rev. Stat. 1969, ch. 26, par. 9—104(j).) We conclude that respondent committed no act of conversion by proceeding in accordance with the probate division order of November 28, 1967, regarding sale of the trust *res* to satisfy the Bank's claims as a creditor.

## II.

Petitioner next claims respondent violated section 183 of the Probate Act by either converting or allowing her attorneys to convert $30,000 in rental payments allegedly collected by the decedent's real estate business during June and July 1967, the two-month period following decedent's death.

■■ On direct examination respondent testified that after her husband's death she signed an agreement with her attorneys allowing them to continue operating the business. On June 12, 1967, pursuant to section 213(a) of the Probate Act (Ill. Rev. Stat. 1975, ch. 3, par. 213(a)), the

---

[1] Since the 1972 amendments to the Uniform Commercial Code it is no longer necessary to perfect these beneficial interests by filing such statements. Compare Ill. Rev. Stat. 1969, ch. 26, par. 9—302 and Ill. Rev. Stat. 1975, ch. 26, par. 9—302(1)(c).

probate division ordered that decedent's business continue in operation for one month. Respondent testified that following the death of decedent the real estate office continued in operation for "about two months." The office was closed "some time in August" when respondent was informed by her attorneys of an office deficit of $30,000. Counsel for petitioner read into the record the substance of a number of claims filed in this estate by various persons and allowed by the probate division. Petitioner urges that this recital proved that the claims represented amounts due property owners from operation of the real estate office. Except for this recital, none of these claims are before us as a part of the record on appeal. We cannot regard this recital standing by itself as evidence that respondent "concealed, converted or embezzled" any portion of the funds supposedly represented by these claims. In this regard, there is no possible evidentiary basis for liability of respondent under the authority of the statute authorizing the proceedings before us. Ill. Rev. Stat. 1975, ch. 3, par. 183.

■■ Petitioner urges that respondent committed misfeasance within the meaning of section 213(a) of the Probate Act (Ill. Rev. Stat. 1975, ch. 3, par. 213(a)), by collecting rents and not accounting for them in her final account. Count II of the petition, using the language of section 183 above cited, alleges that respondent "converted or permitted others to convert" proceeds of management accounts from the real estate business of the decedent. There is no specific allegation in the petition which charges acts of misfeasance or malfeasance by respondent during the continuation of the decedent's business. Thus the argument now raised in petitioner's brief was not pleaded and was never specifically passed upon by the trial court. (*Kravis v. Smith Marine, Inc.* (1975), 60 Ill. 2d 141, 147, 324 N.E.2d 417.) Under these circumstances it will not be considered by us upon review. In addition, the final account filed by respondent is not in the record before us. We are totally uninformed as to its contents and as to its approval.

■■ We will add for the sake of completeness that the record before us is devoid of any evidence that petitioner had any knowledge of such money received by the business during this time. There is no evidence of any lack of prudence by the respondent which resulted in any loss to the estate. We are unable to impose liability upon the respondent under this theory "where no loss is shown to have been incurred by the estate and no ulterior advantage derived by the [administrator]." *In re Estate of Szantay* (1968) 92 Ill. App. 2d 317, 324, 235 N.E.2d 861, *appeal denied* (1968), 38 Ill. 2d 630.

These same factors dispose of petitioner's final contentions that the real estate business was continued in operation for a short time after expiration of the one month extension allowed by the court and that there was evidence of waste, embezzlement or misapplication of funds as

delineated in section 306 of the Probate Act. Ill. Rev. Stat. 1975, ch. 3, par. 306.

### III.

Petitioner claims respondent failed to collect a debt of $21,000 owing the estate in the form of a junior mortgage which the decedent allegedly held on a piece of property which was the subject of a land trust. On direct examination respondent testified that prior to the death of decedent she was aware the decedent had an "interest" in the property but she thought he had sold the property and did not know he was a mortgagee thereof. Sometime in 1975 she was first informed that the decedent may have retained an interest in the real estate when she was served with a notice regarding building violations. She also stated that the business records in decedent's office were in complete disarray at the time of his death and many books and records were missing from the office.

Petitioner thereupon introduced evidence of a suit filed in 1974 against decedent and other parties as trustees of this property apparently seeking to foreclose various mortgages. However, there was no proof that summons was served upon respondent who had been removed as administrator several years before filing of the suit. The transcript revealed no further testimony to indicate that a debt of $21,000 in the form of a junior mortgage on this property was due decedent's estate. The transcript shows that various exhibits pertaining to this suit were continually presented before the trial judge. But, the record before us contains none of the exhibits. From the evidence before us, we are unable to conclude that such a debt ever existed or that respondent was aware of such debt if it did exist.

■■ ■ Every appellant desiring to proceed in a reviewing court has a duty of presenting the entire record of the trial proceedings so that the reviewing court will be fully informed regarding the issues. It is the duty of the appellant to present the record. "Any doubt arising from the incompleteness of the record will be resolved against the appellant." (*Solomon v. City of Evanston* (1975), 29 Ill. App. 3d 782, 787, 331 N.E.2d 380.) Where the record fails to "disclose all of the evidence to the reviewing court, we are required to assume that the evidence heard by the trial court is sufficient to support the judgment" and to affirm the judgment appealed from. *Belcher v. Spillman* (1975), 28 Ill. App. 3d 973, 975, 329 N.E.2d 550; see also *Investors Shelter Corp. v. Chernick* (1978), 58 Ill. App. 3d 446, 374 N.E.2d 786, and cases cited therein.

### IV.

Petitioner claims respondent failed to protect the interest of the estate in nine parcels of real estate but allowed these properties to be foreclosed. Respondent testified that the only asset in decedent's estate was an

automobile worth $2000. Petitioner proceeded on this count by reading to the trial court the summons, captions, portions of complaints and final orders in nine foreclosure proceedings. It is petitioner's theory that in each case the decedent's interest as first or second mortgagee was forfeited by respondent's failure to litigate these suits or to secure financing to protect the claimed interests for the estate.

The scant evidence available for our review consists of: (1) respondent's trial testimony which either denied knowledge of decedent's position as mortgagee in these properties or explained the failure to defend the foreclosure suits because of insufficient funds with which to redeem the properties; and (2) recital into the record by petitioner's attorney of various court papers as above shown.

Count IV of the petition merely described various parcels of real estate by street address and a statement of their approximate value and alleged generally that respondent "has permitted the estate to suffer waste* * *by forfeiture of the properties." In this regard, we will state again, as shown above in connection with count II, that the pertinent statute upon which the petition for citation depends is concerned with situations in which a fiduciary has "concealed, converted or embezzled" or has knowledge or information concerning any portion of the funds or property involved. In considering the merits of count IV we have no allegations which bring the petition within this requirement of section 183. (Ill. Rev. Stat. 1975, ch. 3, par. 183.) The evidence in support of count IV falls far short of proving conversion of any of these properties by the respondent.

In her brief pertaining to count IV, petitioner attempted to urge that respondent violated section 306 of the Probate Act in connection with mismanagement of the estate. (Ill. Rev. Stat. 1975, ch. 3, par. 306.) This is the same argument raised concerning count II of the petition and above rejected. Reading this entire record convinces us that there is no evidence of any kind to substantiate the claim that respondent committed waste with reference to any of the properties described in count IV. The incomplete inference raised by petitioner regarding the pendency of various foreclosure suits is not sufficient to rebut in any manner the clear testimony of respondent to the effect that she either had no knowledge of the pendency of the foreclosure suits or had no funds within the estate with which to attempt to redeem any of the properties. We conclude that the proof fails to substantiate the allegations of count IV.

## V.

Petitioner claims here that respondent converted or allowed others to convert the assets of an insurance agency allegedly owned and operated by the decedent. The only evidence such an "insurance agency" even existed consisted of petitioner's testimony that decedent had procured

from the State of Illinois a license to sell fire and casualty insurance. Petitioner testified that decedent was listed in the telephone directory as an insurance agent. Petitioner introduced no business records, account books, or testimony that an insurance business actually operated from the same office as decedent's real estate business. This claim is therefore entirely unsupported by any evidence.

## VI.

■■■ In count VI petitioner alleges that respondent failed to comply with an order of the probate division entered June 8, 1973, requiring respondent to account to the estate for all properties in a number of land trusts. The record before us contains neither the order of June 8, 1973, nor any evidence concerning this count of the petition. Petitioner's brief in this court describes the provisions of various trust agreements but none of these documents appear in the record before us. The final order appealed from finds that petitioner "presented no evidence or argument" as to the trusts set forth in this sixth count. We are permitted to take cognizance of and to decide only those issues presented by the record. Appellate counsel cannot supplement the certified record by unsupported statements or allegations in their briefs or in oral argument. *Witek v. Leisure Technology Midwest, Inc.* (1976), 39 Ill. App. 3d 637, 640, 350 N.E.2d 242.

In the final order dismissing the petition and each count thereof, the trial court expressly found that petitioner "presented no evidence or argument" as to the matters involved in count VI. Our examination of the record has convinced us that this finding is entirely correct and that there is complete lack of evidence to support the allegations of count VI.

Speaking generally with reference to all counts of the petition, there are a number of cogent reasons which require us to affirm the order appealed from. As shown, as a legal matter, the pertinent statute limits these proceedings to concealment, conversion or embezzlement of assets or to obtaining possession of assets or information from a respondent. There is no evidence in the record which would bring this situation within that statute. Quite aside from insurmountable deficiencies in the record on appeal, as above pointed out, as a factual matter there is no evidence showing respondent guilty of any conversion or concealment of assets or of other misconduct or misfeasance. Consequently there are both legal and factual reasons which require affirmance of the judgment appealed from. We will add only that the matters concerned in this petition were the subject of most lengthy and detailed hearings before an able and patient judge. It follows that the order appealed from should be affirmed.

Order affirmed.

O'CONNOR, and BUCKLEY, JJ., concur.