*575
 
 GRANT, Senior District Judge.
 

 The Bankruptcy Court granted summary judgment to plaintiff-appellee finding that certain monies received by defendant-appellant constituted a preferential transfer under 11 U.S.C. § 547(b) and did not qualify as an exception to preferential transfers under 11 U.S.C. § 547(c)(l)-(3) (Supp. V 1981). The district court affirmed and defendant-appellant seeks our review. We reverse.
 

 Facts
 

 On October 11, 1981, debtor, Brass Kettle Restaurant, Inc., and defendant-appellant, the law firm Ash, Anos, Freedman & Logan, entered into a retainer agreement under which Ash, Anos promised to represent Brass Kettle in certain actions arising out of a fire at Brass Kettle’s corporate premises. The agreement stated that
 

 [i]n return for said defense, the Brass Kettle Restaurant, Inc. and the undersigned, agree to pay the firm of Ash, Anos, Freedman & Logan, the sum of One Thousand Five Hundred Dollars plus Forty Percent (40%) of any recovery made in their behalf, with the understanding that there shall be a rebate of the contingency fee of Forty Percent (40%) based upon the actual hours expended in their behalf at the hourly rate of One Hundred Dollars ($100.00) per hour or the then current hourly rate of the firm of Ash, Anos, Freedman & Logan.
 

 Answer to Adversary Complaint, Exhibit A, Bankruptcy Record at 2. On November 17, 1981, Ash, Anos’ efforts resulted in a $40,000 settlement in one of the actions. Ash, Anos placed 40% of the settlement, or $16,000, in a segregated account.
 

 Brass Kettle entered bankruptcy proceedings on December 23, 1981, pursuant to an involuntary petition. Ash, Anos remitted $7,085.16 to plaintiff-appellee, Brass Kettle’s Trustee in Bankruptcy, which Ash, Anos determined to be the excess portion, over the actual hours expended, of the retained $16,000. Ash, Anos’ billing records reflect statements for Brass Kettle’s legal fees in the amounts of $5,109.84, $2,055, and $1,750. The statements show that payment of the first amount was made on December 3, 1981 and of the second amounts, on January 4,1982. After failing to recoup this $8,914.84 from Ash, Anos, the Trustee filed the instant action and recovered these payments as preferential transfers. Brass Kettle’s bankrupt estate consists only of the $40,000 settlement obtained by Ash, Anos.
 

 Issue
 

 The resolution of this appeal involves only one issue:
 

 Whether the retainer agreement created an equitable lien.
 

 We look to state law to determine whether property is an asset of a debtor.
 
 Weng v. Farb, In re K & L Limited,
 
 741 F.2d 1023, 1030 N. 7 (7th Cir.1984). In Illinois, an equitable lien arises in two situations, the first of which occurs
 

 where the parties express in writing their intention to make a particular property, real or personal, or some fund, the security for a debt, or where there has been a promise to convey or assign the property as security
 
 (Oppenheimer v. Szulerecki
 
 (1921), 297 Ill. 81, 87-88, 130 N.E. 325;
 
 Carlyle v. Jaskiewicz
 
 (1984), 124 Ill.App.3d 487, 495, 79 Ill.Dec. 847, 464 N.E.2d 751; 4 Pomeroy’s Equity Jurisdiction § 1235 (5th ed. 1941))_ [T]he essential elements of an equitable lien are (1) a debt, duty or obligation owing by one person to another, and (2) a
 
 res
 
 to which that obligation fastens.
 
 Hargrove
 
 [v.
 
 Gerill Corp.]
 
 124 Ill.App.3d 924, 931, 80 Ill.Dec. 243, 464 N.E.2d 1226;
 
 Marshall Savings and Loan Association v. Chicago National Bank
 
 (1965), 56 Ill.App.2d 372, 378, 206 N.E.2d 117.
 

 W.E. Erickson Construction, Inc. v. Congress-Kenilworth Corp.,
 
 132 Ill.App.3d 260, 87 Ill.Dec. 536, 544, 477 N.E.2d 513, 521. “If the res to which the lien attaches is converted into money, the Court in a proper case will treat the money as substituted for the property.”
 
 Marshall Savings and Loan Association v. Chicago Nation
 
 
 *576
 

 al Bank,
 
 56 Ill.App.2d 372, 206 N.E.2d 117, 120 (1965) (citations omitted).
 

 In considering claims to equitable liens based on contingent fee agreements, the Illinois courts have drawn a distinction between an actual assignment of a portion of a fund and a mere personal promise by the client to pay attorneys fees in an amount equal to a specified portion of the fund to be recovered or out of the proceeds of such a fund.
 
 Lewis v. Braun,
 
 356 Ill. [467] at 478-79, 191 N.E. 56;
 
 Cameron v. Boeger,
 
 200 Ill. 84, 65 N.E. 690 (1902);
 
 Department of Public Works v. Exchange National Bank,
 
 93 Ill.App.3d 390, 394, 49 Ill.Dec. 218, 417 N.E.2d 1045 (1981). Although there is some broad language in a few recent Appellate Court cases suggesting that contingent fee contracts generally do not constitute equitable assignments,
 
 Marcus v. Wilson,
 
 16 Ill.App.3d 724, 732, 306 N.E.2d 554 (1973);
 
 Anastos v. O’Brien,
 
 3 Ill.App.3d 1015, 1020, 279 N.E.2d 759 (1972), the cases involving contingent fee contracts are not uniform and they have all turned on the precise language employed in the fee agreement.
 

 McKee-Berger-Mansueto, Inc. v. Board of Education,
 
 691 F.2d 828, 836 (7th Cir.1982).
 

 The precise language employed in the instant case entitles Ash, Anos to “... Forty Percent (40%) of any recovery made in [Brass Kettle’s] behalf_” This language mirrors the language used in the retainer agreement in
 
 McKee-Berger-Man-sueto.
 
 That agreement entitled the attorneys to
 
 “
 
 ‘one-third (Vs) of any and all recoveries made on the claims by virtue of trial, settlement, or other disposition of the proposed litigation.’ ”
 
 Id.
 
 at 837. Because the instant agreement entitles Ash, Anos to a percentage of any recovery, as did the
 
 McKee-Berger-Mansueto
 
 agreement, and because the Illinois courts have not ruled inconsistently with
 
 McKee-Berger-Mansue-to,
 
 we find that Ash, Anos has a valid equitable lien in the recovery made on behalf of Brass Kettle.
 

 Ash, Anos’ lien attached when they and Brass Kettle entered the retainer agreement on October 11, 1981. The agreement represented promises, made contemporaneously, by Ash, Anos to represent Brass Kettle, and by Brass Kettle to pay Ash, Anos a certain sum, including a percentage of any recovery, for that representation. As such, this agreement did not constitute a preferential transfer because it was not a “transfer of property of the debtor — (2) for or on account of an antecedent debt owed by the debtor before such transfer was made_” 11 U.S.C. § 547(b) (Supp. V 1981). We, therefore, reverse the decision of the district court.
 

 Conclusion
 

 The decision of the district court is Reversed and this case is Remanded for proceedings consistent with this opinion.