R. W. BOEKER COMPANY, INC., Plaintiff-Appellant, v. EAGLE BANK OF MADISON COUNTY *et al.*, Defendants-Appellees.

Fifth District   No. 5—87—0347

Opinion filed May 24, 1988.

Joseph R. Brown, Jr., of Law Offices of Lucco & Brown, of Edwardsville (John Long, of counsel), for appellant.

Bill T. Walker and Jonathan D. McKee, both of Bill T. Walker & Associates, of Granite City, for appellee.

JUSTICE KARNS delivered the opinion of the court:

Plaintiff, R. W. Boeker Co., appeals from an order of the circuit court of Madison County dismissing its cause of action to foreclose a mechanic's lien on the grounds it was barred by a prior mortgage foreclosure proceeding. We affirm.

Cottonwood Sports Center, a sports facility in Edwardsville, formerly was owned by Cottonwood Junction, Inc. In November of 1983, Cottonwood Junction filed a bankruptcy petition in Federal court. The second mortgage holder, the Helsels, and the first mortgage holder, Eagle Bank of Madison County (Eagle Bank), defendant here, had the bankruptcy court's automatic stay lifted with respect to the sports facility land. In February 1985, the Helsels and Eagle Bank filed a complaint to foreclose their mortgages. A *lis pendens* notice of the pending foreclosure proceeding was recorded, and "unknown owners" of the land were served.

In May of 1985, Cottonwood Junction, Inc., persuaded R. W. Boeker Co. to furnish labor and materials necessary to improve the sports facility. Plaintiff worked on the facility from May through November 1985 and furnished approximately $160,342 in materials and labor.

On November 21, 1985, the mortgage foreclosure proceeding went to trial. Plaintiff recorded its claim for a mechanic's lien on March 18, 1986. A judgment of foreclosure was entered in the mortgage foreclosure proceeding on March 20, 1986, and the foreclosure sale was held on April 21, 1986. Although the Helsels were the highest bidders at the sale, they were not able to raise the funds to meet the bid. Eagle Bank, as second highest bidder, purchased the land. The circuit court of Madison County issued a certificate of sale which Eagle Bank recorded on April 29, 1986. The judicial deed to the land was issued on October 22, 1986.

Plaintiff filed its complaint to foreclose its mechanic's lien on November 5, 1986, against Eagle Bank. Eagle Bank filed a motion to dismiss plaintiff's complaint on the ground that it failed to state a cause of action. Plaintiff's owner filed an affidavit in response which stated:

"1. R. W. BOEKER COMPANY had a trailer on the job site of this property at all times that the company was doing improvements. The job lasted from approximately May 1985 until November of 1985. The trailer had in bold letters the following:

R. W. BOEKER COMPANY, INC.

GENERAL CONTRACTORS

The job site is approximately three and a half blocks away from Eagle Bank on the same side of Illinois Highway 159 in Edwardsville, Illinois. The trailer was parked in the parking lot on the West side of the Sports Center.

2. I was never informed by anyone that the real estate which I was improving was in foreclosure or that Cottonwood Sports Center Phase II had filed for bankruptcy reorganization. Officials from Eagle Bank would have had to know that I was performing work. I never received notice of any kind of any foreclosure proceedings, application for judgment, or sale.

3. It is not the practice of contractors in this area to do title searches before commencing in jobs for which they are hired. I would not have incurred liabilities and performed this work had I known that the project was in foreclosure, without some prior protection from the Eagle Bank."

A hearing was held on Eagle Bank's motion on December 29, 1986.

At this hearing, Eagle Bank asked the court to take judicial notice of the court file in the mortgage foreclosure proceeding. Because of the filing of the affidavit and the request to take judicial notice of the court file, the circuit court regarded Eagle Bank's motion to dismiss as having been made under section 2—619 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—619). The court found that plaintiff's claim for a mechanic's lien on the property was extinguished by the foreclosure sale and the issuance of a judicial deed and that plaintiff's cause of action was barred by the judgment in the mortgage foreclosure proceeding. The court therefore dismissed plaintiff's complaint.

■ Plaintiff contends on appeal that it is entitled to recover the reasonable value of improvements it placed on the land from Eagle Bank under an equitable lien theory. Plaintiff believes Eagle Bank knew plaintiff was making the improvements but stood by and remained silent concerning its right to the land. Plaintiff, however, has not preserved this issue for appeal, for plaintiff never presented such a theory to the trial court.

Plaintiff's complaint was by its terms an action to foreclose a mechanic's lien. Nothing in it would put either Eagle Bank or the trial court on notice that plaintiff was claiming an equitable lien. Plaintiff's affidavit filed in support of its complaint to foreclose a mechanic's lien also makes no mention of an equitable lien. And, contrary to plaintiff's assertion, the facts contained therein, in and of themselves, are insufficient to call the theory to the attention of the trial court or Eagle Bank. In its memorandum of law filed with the court after the hearing on Eagle Bank's motion, plaintiff still did not assert it was entitled to an equitable lien. The first time such a claim was made is in plaintiff's brief before this court. An issue not presented to the trial court will not be considered for the first time on appeal. (See *Vournazos v. Vournazos* (1979), 71 Ill. App. 3d 672, 677, 390 N.E.2d 19, 23; *In re Estate of Kime* (1976), 42 Ill. App. 3d 505, 510, 356 N.E.2d 350, 354; *Benj. E. Sherman & Son, Inc. v. Lynn* (1976), 38 Ill. App. 3d 569, 572, 348 N.E.2d 191, 194.) "To permit a change of theory on review would do injustice to the opposing party and weaken our system of appellate jurisdiction." *Vournazos,* 71 Ill. App. 3d at 677, 390 N.E.2d at 23. *Cf. Pioneer Trust & Savings Bank v. County of Cook* (1978), 71 Ill. 2d 510, 518, 377 N.E.2d 21, 24 (recovery allowed notwithstanding the failure to set out issues in the pleadings when both parties formed issues in the trial court).

Plaintiff never brought the issue of an equitable lien to the attention of anyone before presenting it here. Plaintiff simply did not ar-

gue for or request an equitable lien. And, although some evidence may have been elicited on the issue through plaintiff's affidavit, it is not sufficient, standing alone, to preserve the issue for appeal. (See *Frantzve v. Joseph* (1986), 150 Ill. App. 3d 850, 853, 502 N.E.2d 396, 398; *Orchard Brook Home Association, Inc. v. Joseph Keim Land Development Corp.* (1978), 66 Ill. App. 3d 227, 234, 382 N.E.2d 818, 823.) Plaintiff's claim that it is entitled to an equitable lien therefore is not properly before us. See *Pennington v. Alexander* (1968), 103 Ill. App. 2d 145, 148, 242 N.E.2d 788, 789.

■■ Assuming plaintiff properly preserved this issue for appeal, we still could not find in plaintiff's favor. The essential elements of an equitable lien are (1) a debt, duty or obligation owing by one person to another, and (2) an identifiable *res* to which that obligation fastens. (*Marshall Savings & Loan Association v. Chicago National Bank* (1965), 56 Ill. App. 2d 372, 378, 206 N.E.2d 117, 120.) While the *res* is identifiable here, the obligation is not. It is true that if a stranger enters upon the property of another and makes improvements, and the owner of that property stands by and permits the stranger to expend money in improving his land, then the owner may be compelled to pay for such improvements. (See *Pope v. Speiser* (1955), 7 Ill. 2d 231, 240, 130 N.E.2d 507, 512; *Calacurcio v. Levson* (1966), 68 Ill. App. 2d 260, 264, 215 N.E.2d 839, 841.) The key here is "owner." Eagle Bank was not an owner when plaintiff improved the sports facility. Eagle Bank's (as well as the Helsels') sole interest in the property was that of lienholder. Until delivery of the judicial deed under the foreclosure sale, Eagle Bank acquired no title to the land, either legal or equitable. (See *Kling v. Ghilarducci* (1954), 3 Ill. 2d 454, 460, 121 N.E.2d 752, 756.) Eagle Bank simply did not have sufficient ownership interest that would allow it to prevent plaintiff's expenditure of time and money, nor was Eagle Bank a party to plaintiff's contract with Cottonwood Junction. Plaintiff has not even alleged or proved *actual* knowledge on the part of Eagle Bank of plaintiff's performing work on the sports facility premises. The imposition of an equitable lien is not justified in this instance. See *Jacobsen v. Conlon* (1973), 14 Ill. App. 3d 306, 309, 302 N.E.2d 471, 473; *Marshall Savings & Loan,* 56 Ill. App. 2d at 378-79, 206 N.E.2d at 120.

■■ Moreover, equitable liens cannot be imposed when a lienor fails to perfect his mechanic's lien. (*Wingler v. Niblack* (1978), 58 Ill. App. 3d 287, 289, 374 N.E.2d 252, 253; *Hill Behan Lumber Co. v. Marchese* (1971), 1 Ill. App. 3d 789, 792, 275 N.E.2d 451, 453; *Wise v. Jerome* (1955), 5 Ill. App. 2d 214, 222, 125 N.E.2d 292, 297.) Plaintiff had an adequate remedy at law; it had a perfected mechanic's lien

upon which it could have pursued recovery in the prior mortgage foreclosure proceedings. Plaintiff failed to do so and is now barred from further action. See *Kling*, 3 Ill. 2d at 463, 121 N.E.2d at 757.

■ Finally, as Eagle Bank and the Helsels had filed and recorded a *lis pendens* notice on the property, plaintiff had constructive notice of the mortgage foreclosure proceeding and consequently acquired its rights *pendente lite*. Because the *lis pendens* statute (Ill. Rev. Stat. 1985, ch. 110, par. 2—1701) applies unequivocally to all interests in or liens upon property, regardless of their nature, plaintiff was bound by the mortgage foreclosure proceedings. (See *Goldstein v. Weisberg* (1930), 258 Ill. App. 228, 233-34. See also *Taylor v. Lanahan* (1979), 73 Ill. App. 3d 829, 831, 392 N.E.2d 425, 427.) Plaintiff, therefore, has no claim for any kind of a lien on the sports facility property now owned by Eagle Bank. See also *Worley v. Ehret* (1976), 36 Ill. App. 3d 48, 59-60, 343 N.E.2d 237, 245-46.

For the aforementioned reasons, we affirm the order of the circuit court of Madison County dismissing plaintiff's complaint.

Affirmed.

WELCH and LEWIS, JJ., concur.